UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

THOMPSON BUILDING WRECKING COMPANY, INC., et al.

Plaintiffs,

v.  107CV019

AUGUSTA, GEORGIA,

Defendant.

## ORDER

## I. INTRODUCTION

In March 2007, this Court entered a preliminary injunction prohibiting the City of Augusta, Georgia ("the City") from "favoring contract bids that contain 'minority [Disadvantaged Business Enterprise ("DBE")]' or 'minority business enterprise' (or any other entity that qualifies as a DBE based on the racial composition of its ownership) participation over other bids," and from "distributing bid solicitation material, or otherwise publishing information in any manner, that would lead a bidder to believe that his bid would benefit from including 'minority DBE' or 'minority business enterprise' (or any other entity that qualifies as a DBE based on the racial composition of its ownership) participation." Doc. 19 at 10 (the "2007 Order").

Additionally, the injunction required the City to post a copy of the 2007 Order in portable document format on the City's procurement department homepage via a reasonably visible hyperlink entitled "Court Order Enjoining Race-Based Portion of DBE Program." *See id.*

The injunction was made permanent by this Court's approval of the parties' Stipulation of Dismissal, and remains in full force and effect. Docs. 57 and 58.

Three motions are currently before the Court: (1) Thompson Building Wrecking Company, Inc.'s ("Thompson") Motion for Award of Interim Attorneys' Fees, Doc. 93; (2) the City's Motion to Modify this Court's March 2007 Order, Doc. 63; and (3) Thompson's Motion for Contempt, Doc. 69.

## II. MOTION FOR INTERIM AWARD OF ATTORNEYS' FEES

In determining whether an interim award of attorneys' fees is appropriate, the Court must consider the following factors: "(1) whether the grounds for an interim award are sufficiently discrete from matters remaining to be litigated; (2) whether the moving party will be unable to continue litigating the case absent an interim award; (3) whether the party opposing the interim award has been guilty of dilatory tactics; and (4) whether the action has been or is likely to be unduly protracted." *Walters v. City of Atlanta*, 652 F. Supp. 755, 761 (N.D. Ga. 1985).

Thompson cites to the *Walters* case in its brief, and thus is evidently aware of the relevant standard for establishing the propriety of an interim award. *See* Doc. 93 at 6. Thompson, however, presents no argument with respect to any one of the *Walters*' factors, and has offered no evidence of hardship justifying an interim award. *See id.*

While Thompson may ultimately be entitled to attorneys' fees, *see Sizzler Family Steak Houses v. W. Sizzlin Steak House, Inc.*, 793 F.2d 1529, 1534-35 (11th Cir. 1986) (stating that "an award of attorney fees to the injured party in a civil contempt case is within the district court's discretion," and "may include expenses reasonably and

necessarily incurred in the attempt to enforce compliance"), the Court has not yet decided the Motion for Contempt. As such, Thompson's pending motion requesting attorneys' fees in this case is premature.

The Court will consider whether an award of attorneys' fees is appropriate in due course, but absent a reason for doing so on an interim basis, the Court reserves its ruling until a decision has been reached on Thompson's Motion for Contempt. Therefore, Thompson's Motion for Interim Award of Attorneys' Fees is hereby **DENIED**.

### III. MOTION TO MODIFY

In its Motion to Modify, the City requests that the Court modify the 2007 Order to specify that the City is permitted to comply with federal DBE requirements, despite any possible construction of the injunction to the contrary. *See* Doc. 63. As the City rightly points out, this Court has the inherent authority to modify an injunction it has entered in order to avoid inequity. *See* Fed. R. Civ. P. 60(b); *Firefighters Local Union No. 1784 v. Stotts*, 467 U.S. 561, 610-11 (1984).

The City presents two bases for its Motion to Modify the 2007 Order. *See* Doc. 63-1 at 2. First, the City asks this Court to modify the injunction for the purpose of clarifying its application to federally-funded projects. *Id.* at 5-8. In addition, the City alleges that the injunction fails to meet the specificity requirements of Federal Rule of Civil Procedure 65(d) for the reason that it "does not account for federal regulations that *require* municipalities such as Augusta to apply separate and distinct *federal* DBE requirements" in the bidding process. Doc. 63-1 at 9 (emphasis in original).

In both arguments, the City asks this Court to consider the effect of federal regulations on the injunction. The City, however, has failed to adequately identify which federal requirements are implicated. The City also fails to present the Court with specific applications of the injunction that it alleges conflict with requirements imposed on federally-funded programs or projects.

Based on the briefing of this Motion, the Court can only make the general observation that it does not intend the injunction to operate in contravention of federal law. It hardly seems necessary to modify the injunction to make such an obvious point.

In addition to filing the Motion to Modify, however, the City has also raised the issue of federal DBE requirements as a defense to certain violations of the injunction alleged by Thompson in its Motion for Contempt, which is discussed more fully below. The Court will, therefore, consider what affect, if any, federal funding has on the injunction in the context of evaluating this defense to specific alleged violations.

### IV. MOTION FOR CONTEMPT

Also before the Court is Thompson's Motion for Contempt. *See* Doc. 69. In the Motion, along with the various amendments and responses thereto, Thompson alleges a long list of instances in which the City has violated the injunction set forth in the 2007 Order by using prohibited language in bid documents and through other conduct. *See* Docs. 69, 70, 71, 75, 77, 82, 85, 91, 94 and 96. The City admits to some "errors in the distribution and publishing of bid materials," but argues that it should not be held in contempt because it has acted in good faith in attempting to comply with the terms of the injunction. Doc. 91 at 3; *see also id.* at 6-7. The City further argues that certain language or conduct which could be viewed as violating the injunction should not result in a finding of contempt because the

2

language or conduct is necessary under federal DBE requirements. *See id.* at 10-12.

Most recently, Thompson filed its Motion for Leave to File First Supplement to Supplemental Response to Defendant's Response and Supplemental Response to Plaintiff's Motion for Contempt ("Motion for Leave"), which attaches twenty-six lengthy exhibits. *See* Docs. 96, 97, 98, 99, 100, 101, 102 and 103.

The parties have identified hundreds of documents relevant to the Motion for Contempt, but have filed only a fraction of those documents with the Court. Given the volume of documents at issue, the Court appreciates the parties' efforts to summarize them in charts and by giving examples. The documentation, however, has been inadequate to provide the Court with the information it needs to determine whether there has been a violation of the injunction justifying a finding of contempt, and moreover, the extent of any violation for purposes of determining appropriate sanctions. The work required to parse through the parties' presentation of documents, in an attempt to compare apples to apples, has been particularly vexing.

Additionally, the Court sees no end to the stream of filings related to this motion. The title of Thompson's last document— Plaintiff's Motion for Leave to File First Supplement to Supplemental Response to Defendant's Response and Supplemental Response to Plaintiff's Motion for Contempt—is a good illustration of how protracted the briefing has become. This simply cannot continue.

In its most recent filing, Thompson has again requested that the Court appoint an investigator to review the documents involved in this case. *See* Doc. 97 at 25. The Court believes that because the parties have not been able to successfully manage the investigation and documents themselves, a special master should be appointed. The Court hereby *GRANTS* Thompson's request. *Id.*

The Court would prefer that the parties agree on the person to be appointed as a special master. **WITHIN TEN (10) DAYS OF THIS ORDER**, the parties shall confer and submit for the Court's approval, the name of the person they have selected along with a joint statement explaining the reason this individual was chosen. In the event that the parties cannot agree, each party shall, **WITHIN TEN (10) DAYS OF THIS ORDER**, submit a list of three suggested names, and the Court will select the special master.

Additionally, the parties shall, **WITHIN TEN (10) DAYS OF THIS ORDER**, make recommendations to the Court as to the proper allocation of the special master's fees between the parties, and the length of time each party considers appropriate for the special master's investigation.

The special master, once selected, will be authorized to do the following: (1) review the documents, charts, and other evidence, that have been filed with the Court; (2) work directly with the parties to determine whether additional investigation is necessary; (3) set a schedule for and oversee any additional investigation; (4) based on the result of the document review and any additional investigation, make a recommendation to the Court as to which documents the Court should consider in evaluating the Motion for Contempt; (5) work with the parties to create one universal set of sequentially Bates labeled documents to which both parties will refer in any subsequent filings; and (6) make any other recommendations to the Court that the special master believes would aid in the orderly administration of this case.

Based on the recommendations from the special master, the Court will determine whether additional briefing will be permitted and will set a schedule. Until that time, the parties are directed to make no additional filings responding to or supplementing the Motion for Contempt. The only exception is that the City may, if it feels it must, respond to Thompson's Motion for Leave. In the event that the City does file a response, it is specifically directed to respond only to the Motion for Leave, and not to the supplemental briefing Thompson has asked this Court to accept. Should the Court decide at a later date that Thompson's supplemental brief is appropriate to consider, the City will have an opportunity to respond to the substantive arguments.

This 28th day of July 2010.

*[signature]*
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA